**JORDAN INTERNATIONAL, INC., Plaintiff–Counterdefendant,**

v.

**UNITED INDUSTRIES SALES ORGANIZATION, INC., Defendant–Counterplaintiff.**

**UNITED INDUSTRIES SALES ORGANIZATION, INC., Third Party Plaintiff,**

v.

**Guenther K. RAPP, John H. Glowth, and John H. Glowth Sales Management, Inc., Third Party Defendants.**

**No. 87–890–Civ.**

United States District Court, S.D. Florida, Miami Division.

Feb. 22, 1988.

---

Lawrence H. Rogovin, North Miami Beach, Fla., for plaintiff and third party defendants.

Robert M. Schwartz, North Miami Beach, Fla., for plaintiff.

Robert Swecker, Burns, Doane, Swecker & Mathis, Alexandria, Va., Shutts & Bowen, Miami, Fla., for United Industries Sales Organization, Inc.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon the motion of Jordan International, Inc. (Jordan) for entry of summary judgment in the abovecaptioned cause, and upon a hearing held on February 8, 1988 to determine the said motion.

THE COURT has considered the motion, the relevant portions of the record, and the applicable law, and being otherwise advised in the premises, it is hereby

ORDERED AND ADJUDGED that the said motion be, and the same hereby is, DENIED.

The trademarks which are the subject of this action are the designs of certain four- and six-compartment spice shakers sold by Defendant United Industries Sales Organization, Inc. (United). The shakers have been marketed in this country by United since 1981. These containers were originally manufactured for United by Jordan GmbH, the German parent corporation of Plaintiff Jordan. In 1986, following the termination of the United–Jordan GmbH agreement due to poor production quality, Jordan International, Inc. was organized in this country to compete with United in the sale of multi-compartment spice shakers. Jordan employs John Glowth, United's former national sales manager. The spice shakers marketed by Jordan are similar in appearance to those marketed by United; in fact, they are nearly identical.

During late 1986 and early 1987, United, through counsel, contacted two distributors of Jordan shakers to advise them of registered trademarks asserted by United. One distributor, Hen–Rit, stopped distributing Jordan's shakers in response.

Jordan subsequently initiated this action as one for a declaratory judgment holding United's trademarks unenforceable. In its complaint, Jordan alleged that the United marks are "weak marks, are functional, lack distinctiveness, and are therefore invalid." United subsequently counterclaimed against Jordan for infringement of its marks.

Jordan now moves for summary judgment in its favor, on the basis that the subject trademarks, the designs of United's spice shakers, are functional and are therefore not subject to trademark protection.

*Functionality*

The doctrine of functionality is invoked in certain trademark disputes in order to limit the trademark protection which may be afforded to design features. When an asserted trademark rests on the design, or certain design features, of a product, rather than a word or logo affixed to the product, there is a danger that the registrant of the mark will be afforded a product monopoly rather than the intended "monopoly" on an identifying mark. *W.T. Rogers Co. v. Keene*, 778 F.2d 334, 338–339 (7th Cir. 1985).

"Functionality" in the trademark sense is not defined as in ordinary usage. It is not the equivalent of "utility," although the degree of utility afforded by a particular design is highly relevant to the determination of functionality. Rather, functionality is the *legal conclusion* that a design is so dictated by utilitarian concerns that it may not be protected as a trademark. *See In re Morton–Norwich Products, Inc.*, 671 F.2d 1332, 1337, 1342 (C.C.P. A.1982). Modern cases on functionality focus on economic and competitive considerations, i.e., whether a particular design (as opposed to the underlying object) is so utilitarian in nature that by affording it trademark protection, effective competition is foreclosed. "Ultimately ... the test boils down to a policy question: Is there a need for competitors to copy the configuration in order to 'compete effectively.' ... If there are numerous ways to package or bottle or shape the product, so that nothing of value to all competitors is taken, functionality is incidental and the right of the manufacturer to differentiate his product should be paramount." *Sundor Brands, Inc. v. Borden, Inc.*, 653 F.Supp. 86, 92 (M.D.Fla. 1986), citing *Morton–Norwich, supra*, at 1339–1340.

United's trademarks have been registered on the Principal Register pursuant to 15 U.S.C. Section 1051, *et seq*. When a trademark has been so registered, the registration is *prima facie* evidence of the validity of the registration. 15 U.S.C. Section 1057(b). However, registration does not alter the plaintiff's burden in an infringement action. *Sun Banks of Florida v. Sun Federal Savings and Loan Association*, 651 F.2d 311, 314–315 (5th Cir.1981). Therefore, United will ultimately have to carry the burden of proving the validity of its trademark rights in the present action.[1] United similarly must carry the burden of proof as to validity, and hence as to functionality, in order to successfully oppose Jordan's motion for summary judgment. To do so, United must make a showing sufficient to establish the existence of a valid trademark, which is an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

The Court is of the opinion that United has made a showing sufficient to satisfy the requirements of *Celotex*. In its opposition to Jordan's motion, United has supplied examples of alternative designs for multi-compartment spice dispensers which do not bear the striking resemblance to the United containers which is apparent on examination of the Jordan containers. While these designs are taken from design patents rather than registered trademarks, the Court views the existence of these alternative designs as relevant to the functionality determination: their mere contemplation by inventors and manufacturers tends to show that by registration of its designs, United has not appropriated something essential to effective competition. Furthermore, United has provided testimony, by affidavit, that the previous rejection of an alternative design for its containers was not based on the inability of that alter-

---

1. Although the present lawsuit was initiated as a declaratory judgment action by Jordan, the Court agrees with the view of other courts considering cases initiated by alleged infringers of intellectual property rights that the burden of proof is properly placed on the defendant owner of the right; this is particularly so where the defendant has counterclaimed for infringement, so that the parties have merely been juxtaposed in what is otherwise an ordinary infringement action. *See Eutectic Corp. v. Metco, Inc.*, 418 F.Supp. 1186, 1207 (E.D.N.Y.1976); *Deere & Co. v. Sperry Rand Corp.*, 322 F.Supp. 397, 398 (E.D. Cal.1970). *See generally* 6A J. Moore, Federal Practice Section 57.31[2] (1986).

native design to function as a spice shaker, as contended by Jordan. The affidavits and supporting materials submitted by United, coupled with the arguments set forth at the hearing held to determine the present motion, convince the Court that a material question of fact exists as to the functionality of the trademarks claimed by United, and that this question must be resolved at trial on the merits.